JULIUS KOCZAN, PLAINTIFF-APPELLEE, v. HAMILTON LAUNDRY SERVICE, INCORPORATED, DEFENDANT-APPELLANT.

Argued October 4, 1939—Decided February 13, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellee, *William Berger* and *Frank Cohn.*

For the defendant-appellant, *George M. Kagan.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below had a verdict and judgment in the District Court as a result of being bitten by a dog owned and maintained by the defendant upon its premises, while plaintiff was there at defendant's request.

The defendant obtained a rule to show cause why the verdict should not be set aside on the ground that it was excessive, and that a new trial be had as to damages only, and reserving exceptions taken at the trial.

That rule to show cause was heard and dismissed.

The record discloses that at the time of the argument of the rule to show cause, defendant's counsel argued that the verdict was against the weight of the evidence.

Now comes the defendant with this appeal and urges as the sole grounds thereof that (1) "the trial court refused to nonsuit the plaintiff, and (2) that the trial court refused to direct a verdict in favor of the defendant."

But these questions he cannot be heard to argue in view of the disposition of the rule to show cause, the defendant having argued on the hearing on the rule that the verdict was against the weight of the evidence, which argument operates as a bar to a consideration of these grounds of appeal.

Such was the definite holding of the Court of Errors and Appeals in *Dietz* v. *Glasgow,* 110 *N. J. L.* 490, where the court held that by the argument of the weight of evidence on a rule to show cause, counsel, though he reserves exceptions to the refusal of a nonsuit and the direction of a verdict, is precluded from arguing these matters in the appellate court on appeal. See, also, *Jones* v. *U-Drive-It Co.,* 8 *N. J. Mis. R.* 356; *affirmed,* 107 *N. J. L.* 523; *Catterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381.

In this connection we point out that although the defendant states as a ground of appeal that the trial judge refused to direct a verdict in favor of the defendant, as a matter of fact the record submitted to us discloses that no such motion was made; and of course the rule is that the reviewing court on appeal will not consider an alleged error not in any way brought to the attention of the trial judge and not shown to have been raised before him. *Frisby* v. *Thomas Jefferson Council,* 74 *N. J. L.* 213; *Osborne* v. *Gurtner,* 75 *Id.* 224.

For the reasons indicated this appeal must be dismissed, with costs, and it is so ordered.